811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. WOLF, Defendant-Appellant.
 No. 86-3340.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before LIVELY, Chief Circuit Judge, MARTIN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Wolf seeks review of the district court judgment denying his motion to vacate a sentence under 28 U.S.C. Sec. 2255 because of ineffective counsel. Wolf had been faced with three drug charges. He pled not guilty to all three, but subsequently entered into a plea agreement under which he pled guilty to one charge, possession with intent to distribute a Schedule II narcotic drug controlled substance in violation of 21 U.S.C. Sec. 841(a)(1), and the other two were dismissed. The district court sentenced Wolf to a nine-year term with a three-year special parole term. In 1985 Wolf filed the motion to vacate the sentence because of ineffective counsel. The United States Magistrate recommended the motion be denied and the district court accepted that recommendation. We affirm.
 
 
 2
 Michael Wolf claims that he entered his guilty plea without full knowledge of its meaning and effect, that he was denied effective assistance of counsel, and that he is entitled to an evidentiary hearing because the issues he raises are substantial and can be resolved only in the course of such a hearing. Wolf originally pled not guilty to the three drug charges. He entered a change of plea in April of 1984, and reaffirmed that change in May of 1984 at the sentencing hearing. During the sentencing hearing, Wolf, a college graduate with a B.S. degree in education, indicated to the district court that he understood the charge and its nature, that his counsel had informed him of his possible defenses, and that his counsel had informed him of the maximum penalty for the offense. The district court sentenced Michael Wolf to nine years in prison and three years of special probation.
 
 
 3
 We first examine Wolf's claim of an invalid plea. The standard for determining the validity of a defendant's guilty plea is whether the plea is a voluntary and intelligent choice among alternatives open to him. North Carolina v. Alford, 400 U.S. 25, 31 (1970); Brady v. United States, 397 U.S. 742 (1970). The colloquy between the district court and Wolf at the plea change and sentencing hearing demonstrate that Wolf understood the significance of his change of plea. Additionally, one can hardly say that Wolf's plea bargain agreement--to plead guilty to one count and have the other two dropped--was an unintelligent choice among the alternatives open to him.
 
 
 4
 We next address Wolf's sixth amendment ineffectiveness of counsel argument. The sixth amendment requires "counsel reasonably likely to render and rendering reasonably effective assistance. ... Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law...." Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974). Wolf's attorney more than satisfied this constitutional requirement. He met with the prosecutor, conducted discovery, filed pretrial motions and negotiated a plea bargain. At the plea change and sentencing hearing, the district court asked Wolf whether he had discussed his case with counsel and whether counsel had informed him of possible defenses. Wolf responded affirmatively to each question and indicated his satisfaction with counsel's representation. The attorney's success in getting two of the three counts dropped belies Wolf's claim of ineffective representation.
 
 
 5
 Wolf's third claim, in which he asserts that an evidentiary hearing is necessary because material facts are in dispute, we find not meritorious or worthy of discussion. As the material facts surrounding Wolf's plea are not in dispute, there is no need for an evidentiary hearing. See Townsend v. Sain, 372 U.S. 293 (1963) (evidentiary hearing required if the record not fully developed or if the record presents conflicting facts). Factual uncertainties relating to defenses Wolf surrendered in pleading guilty are no longer relevant.
 
 
 6
 The district court correctly denied his motion to vacate and set aside his sentence. We affirm.